# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GLENN ARTHUR SINCLAIR and MARILYN SINCLAIR, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. CIV-18-938-D<br>) |
| HEMBREE & HODGSON CONSTRUCTION, L.L.C., JUBIL LEE McBLAIR, JSW PROPERTIES, INC., and CONTINENTAL TIRE NORTH AMERICA, INC. | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER

Before the Court is a Motion to Intervene by Twin City Fire Insurance Company ("Twin City") filed pursuant to FED. R. CIV. P. 24(a)(2). [Doc. No. 30]. Plaintiffs have filed a response in opposition [Doc. No. 39], and Twin City filed a reply [Doc. No. 40]. The matter is fully briefed and at issue.

## BACKGROUND

This action arises out of injuries sustained by Plaintiff Glenn Sinclair on October 2, 2017, during the course of his employment with Professional Safety Solutions, LLC ("Professional Safety Solutions"). Mr. Sinclair and Defendant Jubil Lee McBlair were driving trucks in opposite directions on an asphalt road near Marland, Oklahoma. Mr. McBlair, who was employed by Defendant Hembree & Hodgson Construction, L.L.C., lost control of his truck when one of the tires blew out. The tire, which was allegedly 17 years

old, was mounted on the truck by Defendant JSW Properties, Inc., and was manufactured and sold by Defendant Continental Tire North America, Inc. The two trucks collided, and Mr. Sinclair was injured. Mr. Sinclair brings claims for negligence and products liability. Mrs. Sinclair claims loss of marital consortium.

According to its motion, Twin City is the workers' compensation insurance carrier for Professional Safety Solutions. Twin City paid Mr. Sinclair's medical expenses after the accident. Twin City seeks to intervene to protect its subrogation rights.

**DISCUSSION**

Rule 24(a)(2) of the Federal Rules of Civil Procedure permits a party to intervene as a matter of right when the party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a)(2). Thus, a movant may intervene as of right if "(1) the [motion] is timely, (2) the [movant] claims an interest relating to the property or transaction which is the subject of the action, (3) the [movant's] interest may be impaired or impeded, and (4) the [movant's] interest is not adequately represented by existing parties." *Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005).

The requirements of permissive intervention are less stringent. Pursuant to Rule 24(b)(1)(B), a court has discretion to permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the

intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3).

The Court first addresses Rule 24(c), however, because Twin City has admittedly failed to comply with its directive. A motion to intervene must "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." FED. R. CIV. P. 24(c). Twin City contends in its reply brief that it can and will submit the necessary pleading should the Court determine it can intervene. "The purpose of [Rule 24(c)] … is to enable the court to determine whether the [movant] has the right to intervene, and, if not, whether permissive intervention should be granted." *Miami County Nat. Bank of Paola, Kan. v. Bancroft*, 121 F.2d 921, 926 (10th Cir. 1941) (affirming the denial of intervention where no pleading was filed with the motion, as required by Rule 24(c)). Because "[f]ailing to attach such a pleading complicates the court's task of evaluating the movant's legal position," the Court "could properly deny the [motion] to intervene on procedural grounds alone." *Sears Roebuck and Co. v. IPofA Salina Cent. Mall, LLC*, Case No. 08-4125-SAC, 2009 WL 1664614, at *2 (D. Kan. June 15, 2009). However, the Court declines to do so here, and will decide the motion on the merits based on the information Twin City provided in its motion and reply brief.

Twin City cites to OKLA. STAT. tit. 85A, § 43(A) and *Landrum v. Nat'l Union Ins. Co.* as grounds for intervention. *See Landrum*, 912 P.2d 324, 328 (Okla. 1996) (upholding the denial of a subrogated workers' compensation carrier's active participation in the worker's personal injury suit against third parties even though the carrier had intervened as a matter of right under OKLA. STAT. tit. 12, § 2024). However, neither is dispositive of

3

the present issue. Accepting that Twin City has a protectable interest in the litigation, Twin City has not demonstrated that its interest is inadequately represented by Plaintiffs.

Plaintiffs adequately represent Twin City's interest. Twin City's rights to recoupment or subrogation are dependent upon Plaintiffs' ability to recover in this action. Moreover, Twin City has not demonstrated that its interest may be impaired or impeded absent intervention. Indeed, Twin City's filings are devoid of any explanation as to why its interests would not be adequately represented through Plaintiffs' prosecution of the action. Moreover, Twin City confirms in its submissions that it and Plaintiffs share the same objectives in this case. *See* Twin City's Reply, p. 2 ("… any prejudice to Plaintiffs' recovery could reduce Twin City's recovery as well."); *see, e.g.*, *Tri-State Generation and Transmission Ass'n, Inc. v. New Mexico Pub. Regulation Comm'n*, 787 F.3d 1068, 1072-73 (10th Cir. 2015) (where the objectives of the party seeking intervention are the same as the existing party, representation is presumed adequate). Therefore, Twin City's motion for intervention as a matter of right is denied.

For the same reasons discussed regarding intervention as a matter of right, the Court finds that permissive intervention under Rule 24(b)(1) is not necessary. *Id.* at 1075 (Although not listed in the text of Rule 24(b), adequate representation by an existing party is a relevant consideration and can support a court's denial of permissive intervention).

## CONCLUSION

Because Twin City has failed to show that its interest may be impaired or impeded or that its interest is not adequately represented by Plaintiffs, its Motion to Intervene [Doc. No. 30] is DENIED.

**IT IS SO ORDERED** this 13th day of March 2019.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE