# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GLENN ARTHUR SINCLAIR and MARILYN SINCLAIR, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-18-938-D |
| HEMBREE & HODGSON CONSTRUCTION, L.L.C., JUBIL LEE McBLAIR, JSW PROPERTIES, INC., and CONTINENTAL TIRE NORTH AMERICA, INC. | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is a Motion to Reconsider [Doc. No. 45] by Twin City Fire Insurance Company ("Twin City"), which seeks relief from the Court's Order denying intervention [Doc. No. 44]. Plaintiffs have filed a response in opposition [Doc. No. 47]. The matter is fully briefed and at issue.

## BACKGROUND

This action arises out of injuries sustained by Plaintiff Glenn Sinclair on October 2, 2017, during the course of his employment with Professional Safety Solutions, LLC ("Professional Safety Solutions"). Twin City, the workers' compensation insurance carrier for Professional Safety Solutions, sought to intervene to protect its subrogation rights. [Doc. No. 30]. The Court entered an Order denying intervention [Doc. No. 44]. Specifically, the Court found that Twin City had failed to show that its interest may be

impaired or impeded or that its interest was not adequately represented by Plaintiffs. Twin City now asks the Court to revisit its ruling, asserting for the first time that it will lose its first-lien status if it is not allowed to join in the third-party action. [Doc. No. 45 at 2].

## STANDARD OF DECISION

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A litigant seeking reconsideration must file either a motion to alter or amend a judgment pursuant to FED. R. CIV. P. 59(e) or a motion seeking relief from a judgment or order pursuant to FED. R. CIV. P. 60(b). *Id.* "These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies to a motion depends essentially on the time a motion is served." *Id.* Because Twin City's motion was filed within 28 days after the Order denying intervention was entered, the Court finds that Rule 59(e) governs its decision. *See* FED. R. CIV. P. 59(e).

Relief under Rule 59(e) may be warranted (1) when there has been a change in the controlling law, (2) when there is new evidence that was previously unavailable, or (3) when necessary to correct clear error or prevent manifest injustice. *See Somerlott v. Cherokee Nation Distrib., Inc.,* 686 F.3d 1144, 1153 (10th Cir. 2012); *see also Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (Rule 59(e) relief is appropriate where "the court has misapprehended the facts, a party's position, or the controlling law."). It is not an appropriate use of such a motion "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

**DISCUSSION**

In its original motion, Twin City made only a passing, general reference to the Oklahoma Workers' Compensation Act. [Doc. No. 30]. Its reply brief generally referenced OKLA. STAT. tit. 85A, § 43(A) and *Landrum v. Nat'l Union Ins. Co.*, 912 P.2d 324, 328 (Okla. 1996). [Doc. No. 40]. Twin City asserts for the first time in its motion to reconsider that it will lose its first-lien status if it is not allowed to intervene. [Doc. No. 45 at 2]. A closer look at the relevant statute and its legislative history is warranted.

In 2011, the Oklahoma Legislature replaced the Oklahoma Workers' Compensation Act with the Workers' Compensation Code. In 2013, it repealed Title 85 and replaced it with the current Administrative Workers' Compensation Act, *see* OKLA. STAT. tit. 85A, § 1 *et seq.*, which governs claims based on injuries occurring after February 1, 2014. Thus, OKLA. STAT. tit. 85A, § 43 is the operative statute. It provides in pertinent part:

> A. Liability Unaffected.
>
> 1.a. The making of a claim for compensation against any employer or carrier for the injury or death of an employee shall not affect the right of the employee, or his or her dependents, to make a claim or maintain an action in court against any third party for the injury.
>
> b. The employer or the employer's carrier shall be entitled to reasonable notice and opportunity to join in the action.
>
> c. If the employer or employer's carrier join in the action against a third party for injury or death, they shall be entitled to a first lien on two-thirds (2/3) of the net proceeds recovered in the action that remain after the payment of the reasonable costs of collection, for the payment to them of the amount paid and to be paid by them as compensation to the injured employee or his or her dependents.
>
> ….

B. Subrogation.

1. An employer or carrier liable for compensation under this act for the injury or death of an employee shall have the right to maintain an action in tort against any third party responsible for the injury or death. However, the employer or the carrier shall notify the claimant in writing that the claimant has the right to hire a private attorney to pursue any benefits to which the claimant is entitled in addition to the subrogation interest against any third party responsible for the injury or death.

….

OKLA. STAT. tit. 85A, § 43.

The subrogation provision in § 43(B)(1), which confers a right upon the insurance carrier to bring a suit in the carrier's name against a third party, was not contemplated in the earlier versions of the statute. Repealed OKLA. STAT. tit. 85, § 44(c) provided that the "insurance carrier shall have the right of subrogation to recover money paid by the … insurance carrier for the expenses of the last illness or accident under the Workers' Compensation Act from third persons, with all common law rights against other than the employer and his employees preserved and to be in those persons who would have had such rights had there been no benefits under the Workers' Compensation Act." Repealed OKLA. STAT. tit. 85, § 348(C), which replaced § 44(c), was substantively the same.

It is unclear whether § 43(A)(1)(c) requires Twin City to intervene to formally preserve its first lien.[1] However, it seems impractical to deny Twin City's motion to

---

[1] Section 43(A)(1)(c) does not contemplate mandatory intervention. It provides that *if* the carrier joins in the action against the third party, it is entitled to a first lien. OKLA. STAT. tit. 85A, § 43(A)(1)(c).

4

intervene given that § 43(B)(1) allows it to file a separate tort action against the third party. Intervention here would avoid duplicative litigation involving the same subject matter.

Further, Twin City must show only "that impairment of its substantial legal interest is possible if intervention is denied." *WildEarth Guardians v. United States Forest Serv.*, 573 F.3d 992, 995 (10th Cir. 2009). "This burden is minimal." *Id.* The Court finds that Twin City has made this minimal showing. Finally, Twin City has demonstrated the "*possibility* of inadequate representation" if intervention is denied. *Id.* at 996 (emphasis in original).

## CONCLUSION

Accordingly, Twin City's Motion to Reconsider [Doc. No. 45] is GRANTED. Twin City is permitted to intervene, but its intervention is limited to the issue of subrogation. Twin City shall file its Complaint in Intervention within 14 days of the date of this Order.

**IT IS SO ORDERED** this 8th day of August 2019.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge