## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

GLENN ARTHUR SINCLAIR and )
MARILYN SINCLAIR, )
  )
            Plaintiffs, )
  )   Case No. CIV-18-938-D
v. )
  )
HEMBREE & HODGSON )
CONSTRUCTION, L.L.C., )
JUBIL LEE McBLAIR, )
JSW PROPERTIES, INC., and )
CONTINENTAL TIRE NORTH )
AMERICA, INC. )
  )
            Defendants. )

## ORDER

Before the Court is a Motion for a Protective Order to Preclude Discovery Regarding its Withdrawn Experts [Doc. No. 123] filed by Defendant Continental Tire North America Inc. ("Continental"). Defendant JSW Properties, Inc. d/b/a Take Ten Tire & Lube ("Take Ten") has filed a response in opposition [Doc. No. 125] to which Continental has replied [Doc. No. 127]. The matter is fully briefed and at issue.

## BACKGROUND

This action arises out of injuries sustained by Plaintiff Glenn Sinclair on October 2, 2017. Mr. Sinclair and Defendant Jubil Lee McBlair were driving trucks in opposite directions on an asphalt road near Marland, Oklahoma. Mr. McBlair, who was employed by Defendant Hembree & Hodgson Construction, L.L.C. ("H&H") and was driving while impaired, lost control of his truck when one of the tires blew out. The tire, which was 17

years old, was mounted on the truck by Take Ten and was manufactured and sold by Continental. The two trucks collided, and Mr. Sinclair was injured. Mr. Sinclair brings claims for negligence and products liability. Mrs. Sinclair claims loss of marital consortium.

On October 2, 2019, the Court extended certain deadlines, including the deadline for Defendants to file their final list of expert witnesses in chief and disclose expert reports, to January 20, 2020. [Doc. No. 60]. Take Ten identified its expert witnesses on January 20, 2020. [Doc. No. 67]. On January 21, 2020, Continental identified Joseph L. Grant as a tire expert and Donald F. Tandy, Jr., as an expert in mechanical engineering, accident reconstruction, and vehicle handling and dynamics, and disclosed their expert reports to the parties. [Doc. No. 70]. On January 30, 2020, Take Ten filed a supplemental final witness list, adding Grant and Tandy as witnesses. [Doc. No. 79].

Continental was dismissed from the action with prejudice by stipulation of the parties on January 31, 2020. [Doc. Nos. 81, 97]. On February 12, 2020, Continental filed a motion to withdraw its expert witnesses [Doc. No. 95] and a motion to strike [Doc. No. 96] Take Ten's supplemental final witness list. Continental continued to file papers related to its experts Grant and Tandy after its dismissal from the case. [Doc. Nos. 103, 122, 123, and 127].

Pursuant to FED. R. CIV. P. 26(b)(4)(A), Take Ten seeks to depose Grant and Tandy and offer their deposition testimony at trial. Take Ten asserts that because Grant and Tandy's expert reports were shared with the parties their opinions are a part of the common body of discoverable information. Further, Take Ten contends that Continental would not

be prejudiced by Tandy and Grant's depositions, and that their depositions would further the Court's interest in an informed resolution of the claims.  Finally, Take Ten offers to compensate Grant and Tandy for their deposition time.

Continental asserts that Take Ten was not diligent in hiring its own experts, and that permitting Take Ten to conduct depositions of Continental's experts will result in additional fees and expenses for Continental.  Additionally, Continental argues that its experts are no longer part of the case because Continental withdrew its experts after the claims against Continental were dismissed.   Further, Continental contends that because Take Ten cannot show exceptional circumstances or prevail under the balancing test recognized in *House v. Combined Ins. Co. of Am.*, 168 F.R.D. 236 (N.D. Iowa 1996), Grant and Tandy should not be deposed.

## DISCUSSION

"Federal Rule of Civil Procedure 26(b)(4) 'is silent as to how the court should treat the request by a party to use an adverse party's designated expert at trial after the adverse party withdraws that expert's designation.'"  *Smith v. CSAA Fire & Cas. Ins. Co.*, Case No. CIV-17-1302-D, 2019 WL 4577109, at *2 (W.D. Okla. Sept. 20, 2019) (quoting *Guinn v. CRST Van Expedited, Inc*., Case No. CIV-09-1198-D, 2011 WL 2414393, at * 2 (W.D. Okla. June 10, 2011)).

Courts in the Tenth Circuit have utilized the balancing test recognized in *House* to determine whether a withdrawn expert can testify for the opposition.  *See, e.g., Carbajal v. Lucio*, No. CIV-10-2862-PAB-KLM, 2019 WL 141864, at *9 (D. Colo. Jan. 9, 2019) (concluding the *House* factors weighed in favor of allowing defendants to call the

plaintiff's withdrawn expert witness); *Brigham Young Univ. v. Pfizer, Inc.,* 2012 WL 1029304, at \*4–5 (D. Utah Mar. 26, 2012) (concluding the *House* factors supported the defendant deposing the plaintiff's expert where the expert had disclosed his report, the defendant relied on the report, and the plaintiff changed the expert's designation to consulting after the deadline to disclose experts); *Guinn*, 2011 WL 2414393, at \*2–4 (holding that the relevant factors supported allowing the defendant to call the plaintiff's designated expert at trial); *Smith*, 2019 WL 4577109 at \*5 (finding that the defendant's withdrawn expert could testify in the plaintiffs' case in chief).

Where an expert is designated to testify at trial, "the expert is recognized as presenting part of the common body of discoverable, and generally admissible, information and testimony available to all parties." *House*, 168 F.R.D. at 245. In *House*, the court balanced the potential prejudice to the plaintiff in allowing the defendant to call a withdrawn testifying expert as a witness against the interest in receiving expert testimony necessary to achieve "an informed resolution of plaintiff's claim." *Id*. at 244. The court also considered a party's reliance on the other party's expert trial witness designations and the expectation that designated experts would testify at trial. *Id*. at 247. Balancing those factors, the court concluded that, once a party designates an expert, "the party will have to live with the consequence that the opposing party will likely be given the opportunity to depose the expert or even to call the expert at trial on their own behalf." *Id*.

The Tenth Circuit has indicated that the determination as to whether unfair prejudice will arise is within the trial court's discretion "and should be determined according to the

specific circumstances presented." *Guinn*, 2011 WL 2414393, at \*3 (citing *Archer v. Grynberg*, 1991 WL 268808 (10th Cir. Dec. 12, 1991) (unpublished)).[1]

By designating Grant and Tandy as testifying experts and producing their reports, Continental waived any protection it may have enjoyed with respect to a non-testifying expert. *See House*, 168 F.R.D. at 245–47; *Guinn*, 2011 WL 2414393, at \*2. The advisory committee's note to Rule 26 clarifies that the risk of one party unduly benefitting from the opposition centers on non-testifying experts. FED. R. CIV. P. 26 advisory committee's note to 1970 amendment. Under FED. R. CIV. P. 26(b)(4)(D)(ii), a party may discover facts known or opinions held by a non-testifying expert only on a showing of "exceptional circumstances." FED. R. CIV. P. 26(b)(4)(D)(ii). However, once a party designates an expert and discloses his report, consideration of exceptional circumstances is inapplicable, and the Court is "guided by a balancing of probative value against prejudice." *House*, 168 F.R.D. at 246.

Grant and Tandy's expert reports were disclosed to the parties before Continental moved to withdraw its experts; thus, there is no credible risk that Take Ten might unduly benefit from Continental's work. *See id.*; *see also Kerns v. Pro-Foam of S. Alabama, Inc.*, 572 F. Supp. 2d 1303, 1311 (S.D. Ala. 2007) (finding no undue benefit because once a person has given testimony through an expert report, that report and opinion does not "belong to one party or another, but rather [is] available for all parties to use at trial"); *Dovel v. Walker Mfg.*, 174 F.R.D. 649, 650 (D. Neb. 1996) (there was no risk of the plaintiff

---

[1] All unpublished opinions are cited pursuant to FED. R. APP. P. 32.1(a) and 10th CIR. R. 32.1.

unduly benefitting from her adversary's preparation where the expert's opinions were already known).

Allowing Take Ten to depose Grant and Tandy neither rewards nor penalizes anyone. Continental argues, essentially, that it "has some proprietary, exclusive" right to Grant and Tandy's testimony, but decisions like *House* clearly state otherwise. *Kerns*, 572 F. Supp. 2d at 1311. Retaining Grant and Tandy and designating them as testifying experts does not vest Continental with an "absolute [right to] control the circumstances and manner through which [their] testimony reaches the jury."[2] *Id.*

Further, the Court's interest in receiving expert testimony necessary to achieve "an informed resolution of plaintiff's claim" must be considered. *House,* 16 F.R.D. at 247. Plaintiffs have alleged that McBlair's impairment played a role in the accident. H&H has offered expert opinions that McBlair's impairment did not affect his ability to avoid the accident, contending that the accident would have happened "anyway due to the defective nature of the left front tire." [Doc. No. 83-6]. Tandy's opinion that McBlair's impairment and his failure to steer to the right to compensate for the drag of the disabled tire relates to Plaintiffs' claims and the defenses of the other Defendants. [Doc. No. 87-1 at 15].

---

[2] Continental asserts that the Court "does not have jurisdiction to compel [Continental] to produce its experts for depositions" because it was dismissed as a party to the action, but cites to no authority for such assertion. [Doc. No. 123 at 6]. Nor, does the stipulation of dismissal filed by the parties insulate Continental's witnesses. Moreover, nothing prevents Take Ten from issuing subpoenas to obtain the witnesses' testimony, if necessary. Because Continental voluntarily permitted discovery of its experts' opinions, it cannot now shield the experts from use by Take Ten.

Additionally, Take Ten has relied on Continental's designation of Grant and Tandy as testifying experts.  Take Ten cannot retain an expert witness to offer an opinion of the tire's condition and possible effect on the accident without delaying the trial of this case. Continental moved to withdraw its experts after the deadline for designating expert witnesses had passed.  Accordingly, this is not a situation in which Take Ten could have retained its own expert after it learned Continental was withdrawing Grant and Tandy.

Finally, Continental asserts that permitting Take Ten to conduct the depositions will result in additional fees and expenses for Continental, and that this is "extremely unfair and burdensome" since Continental has been dismissed from the case.  [Doc. No. 123 at 6]. Continental asserts that if depositions are conducted its attorneys will have to attend them "because they hired the experts and cannot simply leave them to fend for themselves," particularly since there is a pending *Daubert* motion relating to Tandy's testimony.  *Id*. at 12.

Counsel for Continental does not represent Grant or Tandy.  Further, Continental is no longer a party in the case, and thus, arguably has "no dog in the fight."  Take Ten, presumably, will be the remaining party with an interest in the *Daubert* motion relating to Tandy's testimony.  Although Rule 26(b)(4)(E) encompasses a reasonable fee for time spent by an expert preparing for a deposition, it does not include compensation for the time devoted by the retaining attorney to defending the deposition.  *See, e.g., Magee v. Paul Revere Life Ins. Co*., 172 F.R.D. 627, 647 (E.D.N.Y. 1997); *Boos v. Prison Health Services*, 212 F.R.D. 578, 579–80 (D. Kan. 2002) (concluding that the time spent in responding to discovery under Rule 26(b)(4)(E)(i) includes a reasonable amount of time spent by the

expert preparing for a deposition, not just time spent at the deposition);[3] *see also* FED. R. CIV. P. 26(b)(4)(E)(i).

"Ultimately, the burden of proving the reasonableness of an expert's fee lies with the party seeking reimbursement." *Fiber Optic Designs, Inc. v. New England Pottery, LLC*, 262 F.R.D. 586, 589 (D. Colo. 2009).  That issue is not before the Court at this time. Regardless, Continental has presented no credible argument that allowing Take Ten to depose Grant and Tandy will result in "undue burden or expense" to the extent that the Court should issue a protective order under FED. R. CIV. P. 26(c).

## CONCLUSION

In summary, after considering the specific circumstances presented here, the Court finds that Take Ten should be allowed to depose Grant and Tandy.  Accordingly, Continental's Motion for a Protective Order to Preclude Discovery Regarding its Withdrawn Experts [Doc. No. 123] is **DENIED**.  Further, Continental's Motion to Strike Take Ten's Supplemental Final Witness List [Doc. No. 96] is **DENIED**, and Take Ten's Motion for an Extension of Time to File an Objection and Response to McBlair's Motion to Exclude Tandy's Testimony [Doc. No. 104] is **GRANTED**.  Take Ten shall file its response to McBlair's motion within fourteen days of conducting Tandy's deposition.

---

[3] The Court notes that FED. R. CIV. P. 26(b)(4)(E) does not require Take Ten to compensate Continental for the fees and expenses it incurred in obtaining Grant and Tandy's facts and opinions.  "In 1993, this power was eliminated with respect to testifying witnesses." 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2034 (3d ed. 2004) (citing FED. R. CIV. P. 26 advisory committee's note to 1993 amendment).

**IT IS SO ORDERED** this 14th day of July 2020.

TIMOTHY D. DeGIUSTI
Chief United States District Judge